No. 86.—WILLIAM D. MIMS, plaintiff in error, vs. WILLIAM LOCKETT, defendant in error.

[1.] There are three things only for which a *ca. sa.* debtor can be imprisoned in this State: failure to give notice to his creditors; refusal to take the oath; and conviction of fraud.

[2.] A failure to file a schedule ten days before Court, is no ground for commitment.

[3.] It is for the Jury, and not the Court, to decide upon the fulness of the debtor's schedule.

[4.] The Acts passed for the relief of "honest debtors," should be liberally construed for their benefit.

*Ca. sa.* in Bibb Superior Court. Decided by Judge POW-ERS, May Term, 1856.

Mims was arrested on a *ca. sa.* at the instance of Lockett, and gave bond for his appearance to take the insolvent debtor's oath.

When the case was first called in the Court below, Mims moved to continue; and in support of the motion testified, that for two years prior to his arrest, he had been a non-resident of the State; that he was arrested April 3d, 1856, whilst he was temporarily in the State; that the memoranda necessary to make out a minute schedule of his property,

Mims *vs.* Lockett.

were in Texas, and that it would have been impossible to have obtained them in time to file his schedule ten days before Court; that when arrested, his father refusing to become his security, and he fearing further arrests by other creditors, and that the Sheriff would not take his brother as security on any other bonds, (his brother being security on the bond then in Court,) he, to prevent being sent to jail by other creditors; and also, on account of business which demanded his attention, went on horseback to Salsbury, Tennessee; that at that place he made out as perfect a schedule as he could and placed it in the post-office on the 30th day of April, 1856, and that Salsbury is a town on a rail road, and a mail left the place daily.

The Court refused to allow a continuance. On the 3d day of June thereafter, the case was again called. Mims amended his schedule and moved to be permitted to take the insolvent debtor's oath, on the ground that the Statute prescribed confinement as punishment for contempt, until the defendant should make a full disclosure; that the Court should be the judge of the necessary notice, and that Mims had filed his schedule five days before Court, and it had been on file twenty-six days. The Court refused to allow Mims to take the oath, holding that the law required a schedule to be filed ten days before Court.

The Court then, at the instance of Counsel for Lockett, passed an order committing Mims to jail, on the ground that he had failed to file his schedule ten days before Court, and to make a full disclosure of his property.

There was no offer to traverse Mim's schedule, and no suggestion of fraud or concealment on his part.

Counsel for Mims excepts to the several rulings of the Court.

E. D. TRACY; STUBBS & HILL, for plaintiff in error.

POE and GRIER, for defendant in error.

*By the Court.*—LUMPKIN, J. delivering the opinion.

[1.] There are three things only for which a *ca. sa.* debtor may be imprisoned. If, when the Court comes to which his case is returnable, he has failed to give notice to his creditor, or refuses at that time to take the oath, or is convicted of fraud by the Jury, the debtor may be committed.

[2.] In the two first cases, the confinement will terminate, of course, whenever he has complied with the requisitions of the Statute; that is, given the notice or taken the oath. And in the third, notwithstanding the debtor may have been convicted of fraud, still, he cannot be kept in custody one day after he makes a full surrender of all his effects. It is erroneously supposed, that when a debtor is incarcerated upon the finding of a Jury, he is deprived of his liberty until he discharges the debt. Such, however, is not the law; and if it were, it would be in the teeth of the Constitution. So soon as he makes a full surrender, he is entitled to a release from his captivity.

For what was the defendant committed by the Court in this case? First, because he had not filed his schedule ten days before Court; and secondly, because he had not made a full disclosure as to his property.

[3.] The Statute, we repeat, does not any where make the failure to file the schedule ten days before Court, a ground for commitment; and it was for a Jury, and not the Court, to decide upon the *bona fides* of the surrender. The creditor did not see fit to take issue upon it. How could the Court take it upon itself to pronounce it fraudulent?

The requisition of the time within which the schedule is to be filed, must be construed to be directory only; and if not filed within the time, it may be a good cause of continuance; still, when the defendant has in fact filed it and offers to take the oath, he can be committed for a failure to comply with the Statute in this respect. And his schedule being filed, either the creditor must take issue upon it and show it to be

fraudulent, otherwise it will be presumed to be fair, and the debtor will be set free.

[4.] In view of our State Constitution, to say nothing of the strong tendency in the public mind to abolish entirely imprisonment for debt, it would seem that our insolvent laws were entitled to a more liberal construction in favor of debtors than they have heretofore received at the hands of the Court.